IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTOPHER HARTMAN,

        Plaintiff,

        v.

MATTHEW P. BRADY, RANDY BONDS,
M. MCDOUGAL, TROY GAINER,
CHRISTOPHER COWEN, RACHEL COX,
CITY OF VERNONIA, CITY OF SCAPPOOSE,
COLUMBIA CITY, COLUMBIA COUNTY,
AND WASHINGTON COUNTY,

        Defendants.

Civ. No. 3:15-cv-1753-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

    Plaintiff Christopher Hartman ("plaintiff") brings this *pro se* civil rights lawsuit arising from his arrest on September 18, 2013. (ECF No. 2.) Defendants move to dismiss plaintiff's lawsuit for failure to state a claim (ECF No. 44) and for judicial notice (ECF No. 46). For the reasons discussed below, defendants' motion for judicial notice is GRANTED, defendants'

Page 1 – FINDINGS AND RECOMMENDATION

motion to dismiss should be GRANTED, and plaintiff should be given leave to amend the complaint as explained below.[1]

*Background*

For the purposes of a motion to dismiss, the court construes all factual allegations within the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At all relevant times, defendant Matthew Brady ("Brady") was a police officer employed by defendant City of Vernonia ("Vernonia"). (ECF No. 2, p. 2.) Randy Bonds ("Bonds") was a Sheriff's Deputy for Columbia City. *Id.* M. McDougal ("McDougal") was an officer with the Oregon State Police. *Id.* Troy Gainer ("Gainer") was a police officer for the City of Scappoose ("Scappoose"). (ECF No. 2, p. 2-3.) Christopher Cowen ("Cowen") was a police officer for Columbia City, and Rachel Cox ("Cox") was a Sheriff's Deputy for Columbia County. (ECF No. 2, p. 3.) Plaintiff was seized by defendant Brady during an arrest on September 18, 2013. *Id.* Defendants Bonds, Brady, Gainer, and Cowen sought to take plaintiff into custody, and deployed a TASER upon plaintiff while attempting to do so. (ECF No. 2, p. 4.)

Plaintiff filed this lawsuit on September 16, 2015, alleging claims for Fourth Amendment violations based on excessive force and unreasonable seizure; disability discrimination under the Americans with Disabilities Act (the "ADA"), the Rehabilitation Act, and O.R.S. 659A.142; and common law claims of battery and negligence. (ECF No. 2, pp. 4-7.) Defendants filed this motion to dismiss on March 4, 2016, arguing that plaintiff's complaint is barred by *Heck v. Humphrey* and has failed to allege facts to state a claim. (ECF No. 44.) Defendants also filed a request for judicial notice (ECF No. 46) of the Columbia County District Attorney's information charging plaintiff with resisting arrest on September 18, 2013 (the "Information"), and the

---

[1] Defendants requested oral argument on their motion. The court finds this motion appropriate for disposition without oral argument, pursuant to Local Rule 7-1(d)(1).

Columbia County Circuit Court's Judgment of plaintiff's subsequent conviction for resisting arrest (the "Judgment"). (ECF Nos. 45-1, 45-2.)[2]

*Legal Standards*

I.   The Court's Review of Pro Se Filings.

A court must liberally construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). When dismissing the complaint of a pro se litigant, the litigant "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*en banc*)).

II.   Motion to Dismiss.

Under Fed. R. Civ. Pro. ("Rule") 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That is, plaintiffs must show that there are claims not merely conceivable, but plausible. *Id.* at 570; *Ashcroft*, 556 U.S. at 679. While a court must accept as true all factual allegations contained in the complaint,

---

[2] Plaintiff filed no response to defendants' motion to dismiss.

the same principle does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.*

*Discussion*

## I. Judicial Notice of Facts.

As a preliminary matter, defendants request that this court take judicial notice of the Columbia County District Attorney's Information charging plaintiff with the crime of resisting arrest on September 18, 2013, and the Judgment of plaintiff's conviction for resisting arrest, *State of Oregon v. Christopher Charles Hartman*, Columbia County Circuit Court No. 13CR07567, indicating plaintiff pleaded "no contest" on May 19, 2014, to the charge of resisting arrest. (ECF Nos. 45-1, 45-2.) Federal Rule of Evidence ("FRE") Rule 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). The court may take judicial notice at any stage of the proceeding. *Id.*, at (d).

The court has reviewed the Information and Judgment, and finds that the accuracy of these sources cannot reasonably be questioned. Further, the court can accurately and readily determine the information contained in the Information and Judgment. Thus, the court grants defendants' request (ECF No. 46) for judicial notice of facts.

## II. Qualified Immunity.

Qualified immunity shields a public servant from suit when he makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances he confronted. *Westwood v. City of Hermiston*, 787 F. Supp. 2d 1174, 1207 (D. Or. 2011), *aff'd*, 496 F. App'x 728 (9th Cir. 2012); *see also Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th

Cir. 1997) (test allows ample room for reasonable error on the part of the government official). When police officers are sued for their conduct in the line of duty, courts must balance two competing needs: (1) the need to hold public officials accountable when they exercise power irresponsibly; and (2) the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Johnson v. Bay Area Rapid Transit District*, 724 F.3d 1159, 1168 (9th Cir. 2013). To avoid qualified immunity, a complaint must: (1) state a claim for civil rights violations; and (2) establish that the constitutional right violated was so clearly established that it would have been clear to a reasonable person that the conduct he complains of was unlawful. *Iqbal*, 556 U.S. at 676 (plaintiff must plead a violation of his constitutional rights); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385 (9th Cir. 1997) (plaintiff initially bears the burden of showing the violation of a clearly established federal right).

Plaintiff has not met either criterion in his pleadings. While plaintiff clearly has alleged civil rights violations, he also bears the burden of showing that the right at issue was clearly established. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). A government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 739-40 (2011). Here, there are no allegations in the Complaint that defendants knew or were on notice that their conduct violated clearly established Fourth Amendment rights. (*See* ECF No. 2.) While plaintiff alleges that defendants caused him injury by deploying a TASER, he makes no allegations from which it can be plausibly inferred that defendants' use of force was unreasonable under the circumstances. *Id.* Similarly, while plaintiff alleges that he was arrested and therefore seized by Brady, there is no allegation from which it can be plausibly inferred that Brady's seizure of plaintiff was

Page 5 – FINDINGS AND RECOMMENDATION

unreasonable. *See id.* Accordingly, Brady, Bonds, Gainer, and Cowen are entitled to qualified immunity and plaintiff's Fourth Amendment claims against them should be dismissed.

III.    *Heck* Doctrine.

Defendants also argue that plaintiff's § 1983 claims of excessive force and unreasonable seizure are barred by the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, if a judgment in favor of a plaintiff in a civil rights action necessarily implicates the validity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the underlying conviction or sentence has been invalidated. *Heck*, 512 U.S. at 486-87.

Here, plaintiff was charged with and convicted for resisting arrest. (ECF Nos. 45-2, 46.) In Oregon law, if a peace officer uses excessive force in making an arrest, the arrestee has the right to use physical force in self-defense against excessive force being used by officer. An arrestee that uses physical force in self-defense against excessive force is not "resisting arrest," but instead is defending against excessive force used by officer. *State of Oregon v. Wright*, 310 Or. 430, 435 (1990). Thus, defendants argue, plaintiff's § 1983 claims, if successful, would nullify his conviction for resisting arrest. They allege, further, that O.R.S. 162.315 implies that the arresting officer must be acting lawfully to substantiate a charge and conviction for resisting arrest, and plaintiff's allegation that defendants violated his constitutional rights while making his arrest therefore implicates the validity of his conviction and is barred by the *Heck* doctrine.[3] *Id.*

\\\\\

---

[3] Plaintiff does not allege that his conviction or sentence has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. (ECF No. 2, ¶¶ 1-48.)

Page 6 – FINDINGS AND RECOMMENDATION

The court disagrees. It is not clear from the pleadings when, how, or why defendants deployed a TASER on plaintiff. If, for example, defendants deployed a TASER after effectuating plaintiff's arrest, a successful claim for unlawful use of force and unreasonable seizure would not implicate the validity of plaintiff's conviction. Without more factual detail, plaintiff's § 1983 claims, as pleaded, are not barred by the *Heck* doctrine.

IV.   Failure to Allege Facts.

In addition to claims of excessive force and unreasonable seizure, plaintiff's complaint alleges discrimination, battery, and negligence. (ECF No. 2, pp. 5-7.) Defendants argue plaintiff fails to allege sufficient facts to state a claim under any theory of relief set forth in his complaint. As the Supreme Court articulated in *Twombly*, recitation of mere labels, conclusions, and elements is insufficient to state a claim for relief. 550 U.S. at 555. These allegations do not meet the standard for adequate pleadings set forth in Rule 12(b)(6).

   *A. §1983 Claims of Excessive Force and Unreasonable Seizure.*

Plaintiff's first and second claims allege defendants violated his constitutional rights by unreasonable seizure and excessive use of force. (ECF No. 2, pp. 4-5.) To state a claim under §1983, plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Although plaintiff alleges that defendants Brady, Bonds, Gainer, and Cowen were acting under color of state law the alleged violations occurred, none of plaintiff's claims allege that defendants violated any of plaintiff's constitutional rights. Specifically, while plaintiff alleges that defendants Brady, Cowen, and Gainer used "excessive force," his claim of excessive force does not allege specific facts as to

how any defendant used excessive force. Although plaintiff alleges Bonds deployed a TASER on plaintiff, this allegation alone does not state a claim for excessive use of force.

Similarly, plaintiff's claim of unreasonable seizure does not allege specific facts as to the manner he was seized by Brady except for the conclusory statement that he was seized without reasonable suspicion or probable cause. (ECF No. 2, ¶ 25.) The court is not required to accept these conclusory allegations as true. *Iqbal*, 556 U.S. at 678. On this record, plaintiff has failed to state a claim for unreasonable seizure.

### B. Discrimination Based on Disability.

Plaintiff's third claim for relief alleges that defendants Vernonia, Scappoose, Columbia City, and Columbia County discriminated against him in violation of the ADA, the Rehabilitation Act, and O.R.S. §659A.142 because they failed to accommodate his disability; failed to evaluate their policies and practices that do not comply with federal anti-discrimination statutes; failed to provide reasonable modification to accommodate individuals with mental or psychological disabilities; and discriminated against plaintiff based on his disability. (ECF No. 2, ¶¶ 31-34.)

To establish a violation of Title II of the ADA, plaintiff must show that: (1) he is an individual with a disability within the meaning of the Act; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). To recover monetary damages under the ADA or section 504 of the Rehabilitation Act, a plaintiff must prove intentional discrimination by the defendant. *Duvall*, 260 F.3d at 1138. Under ORS §659A.142,

discrimination against disabled persons by an employment agency, a labor organization, a place of public accommodation, or state governments is barred.

Here, the complaint is devoid of the specific factual allegations necessary to state a claim for disability discrimination under the ADA or the Rehabilitation Act. (ECF No. 2, pp. 5-6.) Plaintiff does not allege that he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs or activities. *Id.* Aside from conclusory allegations, he has not alleged facts showing that defendants intentionally discriminated against him because of his disability, has not alleged that he is a disabled person, and he has not explained how defendants discriminated against him because of his disability. Finally, plaintiff does not allege that Vernonia, Scappoose, Columbia City, and Columbia County employed him, are a labor organization, or a place of public accommodation or a state government. For all of these reasons, plaintiff has failed to state a claim of disability discrimination under O.R.S. §659A.142, the ADA, or the Rehabilitation Act. Plaintiff's third claim should be dismissed.

### C. Battery and Negligence Claims.

Plaintiff's fourth and fifth claims for relief allege that defendants were negligent and committed battery against him. These claims are governed by the Oregon Tort Claims Act ("OTCA"). As an initial matter, these claims fail to meet the notice requirements of the OTCA. The OTCA provides that "[n]o action arising from any act or omission of a public body or an officer, employee, or agent of a public body within the scope of O.R.S. §30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section." O.R.S. §30.275(1). For plaintiff's battery claim, the notice must be given "within 180 days after the alleged loss or injury." O.R.S. §30.275(2). Here, plaintiff alleges he suffered claims resulting from his arrest

Page 9 – FINDINGS AND RECOMMENDATION

on September 18, 2013. In order to satisfy the OTCA, plaintiff was required to provide tort claim notice within 180 days of September 18, 2013. Plaintiff alleges he provided tort claim notice within 180 days to Vernonia and Columbia County, (ECF No. 2, ¶ 4), but he does not allege he provide any tort claim notice to Scappoose and Columbia City. Because plaintiff apparently failed to comply with the OTCA regarding Scappoose and Columbia City, the common law claims against these defendants should be dismissed.

Plaintiff's complaint alleges that Brady and Bonds' actions constituted battery. (ECF No. 2, 38-39.) An officer's use of reasonable force under the circumstances is a complete defense to a claim of battery. *Gigler v. City of Klamath Falls*, 21 Or. App. 753, 763 (1975); ORS §161.235 (a police officer may use reasonable physical force to make an arrest). Further, in Oregon law, where excessive force is used, "the arrestee is not 'resisting arrest.'" *Wright*, 310 Or. at 435. Plaintiff's conviction for resisting arrest therefore implies that Brady and Bonds did not use excessive force in making the September 2013 arrest. Thus, plaintiff's battery claim should be dismissed with prejudice.

Plaintiff's negligence claim alleges that Vernonia and Columbia County violated the standard of care required of law enforcement under the circumstances. (ECF No. 2, ¶ 44). In Oregon, "intentional conduct does not support a claim for negligence under Oregon law." *Woods v. Gutierrez*, No. 3:11-CV-01082-BR, 2012 WL 6203170, at *12 (D. Or. Dec. 12, 2012) (citing *Kasnick v. Cooke*, 116 Or. App. 580, 842 P.2d 440 (1992)). Here, to the extent plaintiff alleges Vernonia and Columbia County are negligent (through its officers) for arresting plaintiff, his claim fails because plaintiff attempts to categorize an intentional tort as negligent conduct and rests his negligence claim on the same factual allegations as his constitutional claim.

Case 3:15-cv-01753-AC   Document 72   Filed 09/19/16   Page 11 of 12

*Rodrigues v. Jackson County*, No. 1:13-CV-01589-CL, 2015 WL 404577, at *4 (D. Or. Jan. 29, 2015) (allegations of intentional conduct do not support a claim for negligence).

In sum, the complaint before the court lacks sufficient factual allegations to state a claim for any specific violation of law. Accordingly, plaintiff fails to meet the requirements of Rule 12(b)(6), and his complaint should be dismissed.

## V.   Leave to Amend

If the court dismisses a complaint, it must decide whether to grant leave to amend. *See* 28 U.S.C. §1653. The Ninth Circuit has repeatedly held that dismissal without leave to amend is improper, even if no request to amend the pleading was made, unless it is clear that the defective pleading cannot possibly be cured by the allegation of additional facts. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002) (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Here, the court finds that leave to amend is appropriate on all of plaintiff's claims. It is possible that plaintiff can cure the factual deficiencies in his §1983 claims, and allege facts to avoid the *Heck* doctrine as well as qualified immunity. Further, because it is possible that plaintiff's discrimination claims can be cured by the allegation of additional facts, plaintiff's third claim should be dismissed without prejudice. Finally, it is possible that plaintiff can cure the factual deficiencies in his battery and negligence claims, and allege that he met OTCA's notice requirements; therefore his fourth and fifth claims should be dismissed with leave to amend.

## *Recommendation*

After careful consideration of plaintiff's complaint in light of the Rule 12(b) standard, defendants' motions to dismiss (ECF No. 44) should be GRANTED and the complaint (ECF No. 2) DISMISSED with leave to amend, as explained above.

Page 11 – FINDINGS AND RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** *See* Rule 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 19th day of September, 2016.

JOHN V. ACOSTA
United States Magistrate Judge